

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed January 27, 2006                         United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EDWARD LEE MOATES, | § | CASE NO. 05-52112-RLJ-7 |
| | § | |
| DEBTOR | § | |
| IN RE: | § | |
| | § | |
| GUY WELDON HALL, | § | CASE NO. 05-52121-RLJ-7 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION AND ORDER

The debtors in these two bankruptcy cases have submitted to the Court the question of whether they are required under section 521(a)(1)(B)(v) of the Bankruptcy Code, as individual debtors whose debts are primarily *business* debts, to file a statement of current monthly income. Hearing was held on December 20, 2005. In each case, a notice of deficiency was sent to the debtor advising that his filing was deficient because he had failed to file a statement of current monthly income and that, if such statement was not filed within 15 days of the filing of the

petition, the case was subject to dismissal. Edward Lee Moates filed his chapter 7 case on November 15, 2005; Guy Weldon Hall filed his case on December 1, 2005. These cases are therefore subject to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Reform Act"), which became effective, for the most part, on October 17, 2005. In both cases, the debtors classify in their petitions the nature of their debts as "business" debts.

The debtors contend that the statement of monthly income is only relevant if they have primarily consumer debts thereby making them potentially subject to the means testing required under section 707(b) of the Bankruptcy Code. By its Interim Order entered December 22, 2005, the Court noted that the position of the United States Trustee ("UST") on the issue would be helpful given the UST is the party principally involved in implementation and enforcement of section 707(b). The Court initially allowed the UST 20 days to file a written statement. The UST requested an extension as, according to the UST, the "Court's inquiry necessarily requires consideration of both the United States Trustee locally and the General Counsel of the Executive Office of the United States Trustee in Washington." The Court granted the UST an extension until January 23, 2006, to file its written statement. The UST filed its written statement on January 19, 2006.

Section 521(a)(1)(B)(v) requires the filing of "a statement of the amount of *monthly net income* itemized to show how the amount is calculated . . . ." The requirement under this provision applies to all debtors, not just debtors with primarily consumer debts. Interim Rule 1007(b)[1] requires that an "individual debtor in a chapter 7 case with primarily consumer debts

---

[1] This Court has by General Order 2005-04 adopted the Interim Rules which were prepared by the Advisory Committee on Bankruptcy Rules to assist in implementation of the Reform Act. The Interim Rules were approved and recommended by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States.

shall file a statement of current monthly income prepared as prescribed by the appropriate Official Form . . . ." Form B22A (Chapter 7) titled *Statement of Current Monthly Income and Means Test Calculation* requires, as the title implies, detailed information concerning a debtor's monthly income as well as allowable deductions, all of which is required and contemplated by section 707(b) of the Bankruptcy Code. This form prescribes the information needed for the means testing that is done in determining whether a presumption of abuse exists. Additionally, the form is far more extensive than what presumably would be contemplated by the phrase "monthly net income." Section 707(b) applies only to individual debtors whose debts are primarily consumer debts. One other provision of the Reform Act indicates that the resolution of this issue is more than merely an academic exercise. Section 521(i) states that if an individual debtor in a chapter 7 or 13 case fails to file the information required under subsection (a)(1) (which includes the required statement of the amount of monthly net income) within 45 days after the date of filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of filing of the petition. Significant consequences result from a failure to file a statement of monthly net income if it is deemed that such statement is required to be filed by an individual debtor who does not have primarily consumer debts.

      The UST submits that an individual debtor whose debts are *not* primarily consumer debts is not required to complete Form B22A, i.e., is not required to file a separate form that constitutes a statement of monthly net income. The debtor's schedules I and J, which itemize the debtor's current income and current expenditures, satisfy the requirement of section 521(a)(1)(B)(v), according to the UST. The Court agrees. Upon review of current forms I and J, they clearly provide a statement of the debtor's monthly net income. The Court notes that this result admits

of redundancy in the statute as section 521(a)(1)(B)(ii) requires a debtor to file a schedule of current income and current expenditures (schedules I and J). It would be absurd, however, to require a debtor to file essentially the same information twice at the same time.

Accordingly, it is hereby ORDERED that the filing of schedules I and J satisfies the debtor's requirement to file a statement of monthly net income under section 521(a)(1)(B)(v).[2]

### End of Memorandum Opinion and Order ###

---

[2] The Schedules I and J also require that a debtor describe any increase or decrease in income and expenditures anticipated to occur within the year following the filing of the case. This satisfies subsection (vi) of section 521(a)(1)(B) which requires a statement disclosing any reasonably anticipated increase in income or expenditures over the twelve month period following the date of the filing of the petition.